IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Cristobal Magno Rodrigo, et al.*
Case No. 1:23-cr-00003-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

This matter comes before the Court regarding the pending trial of the remaining co-defendants Glenda Tiglao Rodrigo ("Glenda") and Christian Ryan Rodrigo ("Christian"). The Court is concerned about potential conflicts of interest that may have arisen after Glenda and Christian withdrew their pleas and requests a response from counsel as set forth below.

**Background**

A felony information was filed on March 13, 2023 charging Cristobal Magno Rodrigo ("Cristobal"), Glenda, and Christian with Count 1, Conspiracy, and Count 2, Misrepresentation of Indian Produced Goods and Products.[1] On March 22, 2023, all three defendants submitted signed plea agreements pleading guilty to both Count 1 and Count 2.[2] The Court set combined Arraignment on Felony Information/Detention/Proposed Change of Plea hearings for April 28, 2023.[3] On April 6, 2023, attorney Bradley Barshis entered his appearance of record for all three defendants.[4] The Magistrate Judge held the combined hearings on April 28, 2023 and recommended that the Court accept all defendants' plea of guilty and the plea agreements, and set the sentencing hearings for August 17, 2023.[5]

On August 28, 2023, the Court accepted Cristobal's amended plea and imposed sentence.[6] However, the Court rejected the plea agreements of both Glenda and Christian; subsequently both defendants made oral motions to withdraw their pleas, which motions were granted.[7] The Court thereafter ordered the parties to confer and submit a joint report providing speedy trial clock calculations and three agreed proposed trial dates.[8] On September 8, 2023, the United States of America ("Government") filed a Joint Notice to the Court[9] that "the parties agreed the [speedy trial] clock would run from today's date" and that "the parties have still been negotiating a potential

---

[1] Dkt. 1 (Felony Information).
[2] Dkts. 6 – 11 (Plea Agreements and Addenda).
[3] Dkts. 2 – 4 (Text Orders setting hearings).
[4] Dkt. 15 (Notice of Attorney Appearance).
[5] Dkt. 30 (Minute Entry, Combined Arraignment, Proposed Change of Plea Hearing). The sentencing hearings were later reset to August 28, 2023. Dkts. 47-49.
[6] Dkt. 87 (Minute Entry, Imposition of Sentence).
[7] Dkts. 74 (Minute Entry, Status - Sentencing) and 75 (Minute Entry, Status – Sentencing).
[8] Dkt. 75 (Minute Entry, Rejecting Plea Agreement and Requesting Trial Dates). Also on August 28, 2023, the Court imposed sentence for co-defendant Cristobal Magno Rodrigo. Dkt. 87 (Minute Entry, Imposition of Sentence).
[9] Dkt. 84 (Joint Notice).

plea agreement" as to Glenda and Christian and "were working on attempting to resolve the case."[10]

**Discussion**

The Court is concerned about possible conflicts of interest and issues of effective assistance of counsel that may arise if Glenda and Christian, mother and son, continue to be jointly represented by the same counsel and are now preparing for trial. Federal Rule of Criminal Procedure ("Rule") 44(c) provides that joint representation occurs when: (1) "two or more defendants have been charged jointly under Rule 8(b) or have been joined for trial under Rule 13" and (2) "the defendants are represented by the same counsel."[11] In cases of joint representation, the Court:

> must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.[12]

The Court proposes two options:

> (1) If Glenda and Christian wish to continue to be represented jointly, the Court will appoint CJA advisory counsel for both defendants and allocate 5-10 hours for the limited purpose of reviewing any potential conflicts pursuant to Rule 44(c). The Court may then set a conflict hearing to advise Glenda and Christian of their rights to effective assistance of counsel, including separate representation, and determine whether there is good cause to believe that no conflict of interest is likely to arise.

> (2) In the alternative, Glenda and Christian may indicate that new counsel will be appointed such that each defendant is represented separately.

The parties' responses indicating how they wish to proceed are due **on or before September 19, 2023.**

FURTHER, the speedy trial clock started running on August 28, 2023, the date the Court rejected the plea agreements and defendants withdrew their pleas; thus, the speedy trial clock will expire on November 6, 2023, absent excludable findings. Plea negotiations do not toll the speedy trial clock. THEREFORE, the Court sets this matter for **Trial on October 31, 2023, at 8:30 AM** in Juneau Courtroom, and the **Final Pretrial Conference on October 4, 2023, at 10:30 AM** in Juneau Courtroom before Judge Timothy M. Burgess.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE:        September 15, 2023.

---

[10] *Id.*
[11] Fed. R. Crim. P. 44(c)(1)(A)-(B).
[12] Fed. R. Crim. P. 44(c)(2).